IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 JUN 20 AM 4: 39

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

CHERYL L. FIDLER,

PLAINTIFF

V.

CAPITAL ONE BANK (USA), N.A.
a national association bank,

Case No. 8:18cv 1493T 35 JSS

DEFENDANT.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Capital One Bank (USA), N.A. (Capital One), gives notice of the removal of this action from the County Court for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, stating as follows:

### I. INTRODUCTION

1. On May 6, 2018, Plaintiff Cheryl L. Fidler commenced this action by filing a Complaint in the County Court for Pinellas County, Florida, Case Number 18-003674-CO. A true and correct copy of all pleadings, process, and orders served on Capital One is attached to this Notice of Removal as Exhibit 1.

2. In the Complaint, Plaintiff alleges Capital One placed telephone calls and sent written communications to Plaintiff in attempt to collect a debt. (*See generally*



1

Compl.). Specifically, the Complaint alleges Capital One made "auto-dialed" calls to her cellular telephone and mailed collection letters after Plaintiff allegedly informed Capital One she was represented by counsel and asked for calls to be directed to her attorney. (*See* Compl. ¶¶ 28-41.) As a result of this purported conduct, Plaintiff brings claims against Capital One for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act (FCCPA), § 559.55, *et seq.* (*See generally* Complaint, Counts 1 & 2).[1]

3. Capital One was served with a copy of the Complaint on May 21, 2018. As such, this Notice of Removal is timely under 28 U.S.C. § 1446.

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States.

## II. FEDERAL JURISDICTION

### A. **Federal Question Jurisdiction Exists Over This Action.**

5. This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

6. Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question

---

[1] Nothing in this Notice of Removal should be in any way construed as an admission by Capital One that Plaintiff's claims have any merit whatsoever. Capital One denies that Plaintiff is entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

7. Plaintiff's Complaint purports to assert a claim for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (*See* Compl., Count 2.)

8. The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, 565 U.S. 368, 132 S.Ct. 740, 745, 181 L.E.2d 881 (2012); *see also Balthazar v. Central Credit Services, Inc.*, 475 Fed. Appx. 716 (11th Cir. 2012).

9. Because Plaintiff asserts a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1441(a).

B. **Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

10. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims under Section 559.72 of the Florida Statutes because these claims form part of the same case or controversy as Plaintiff's TCPA claim. (*See generally* Compl., Count 1).

11. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

3

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

12. Plaintiff's FCCPA claims are related to the same alleged activity that forms the basis for Plaintiff's TCPA claims, i.e., alleged telephone calls and communications made in connection with the collection of Plaintiff's account. (Compl., ¶¶ 28-41; 48-51). *See also* 28 U.S.C. § 1367.

13. Capital One expressly consents to this Court's jurisdiction over Plaintiff's FCCPA claims.

14. Accordingly, this claim is related to Plaintiff's federal question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a); *see Speidel v. American Honda Fin. Corp.*, No. 2:14–cv–19–FtM–38CM, 2014 WL 820703, at *2-*3 (M.D. Fla. Mar. 3, 2014) (exercising supplemental jurisdiction over the plaintiff's FCCPA claims where they arise from the same alleged debt collection activity as the plaintiff's TCPA claim).

### III. PROCEDURAL REQUIREMENTS

15. No prior application has been made for the relief requested herein.

16. The United States District Court for Middle District of Florida, Tampa Division, embraces the place where this action was pending in State Court.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a

Notice of Filing Notice of Removal, will be filed with the Clerk of the County Court for Pinellas County, Florida.

18. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

19. True and correct copies of all process, pleadings and orders served on Capital One are attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

20. Pursuant to Local Rule 4.02(b), true and correct copies all process, pleadings, orders, and other papers or exhibits of every kind, including depositions on file in the state court are attached hereto as Exhibit 2.

21. Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 and 1.140 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

22. To the extent remand is sought by Plaintiff or otherwise visited by this Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

WHEREFORE, Capital One prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court

for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.

Dated: June 20, 2018

                                          Respectfully Submitted,

                                          /s/ Megan P. Stephens
                                          Megan P. Stephens (FL Bar No. 0092557)
                                          BURR & FORMAN LLP
                                          420 N. 20th Street, Suite 3400
                                          Birmingham, AL 35203
                                          Telephone: 205-251-3000
                                          Facsimile: 205-714-6893
                                          Email: mstephens@burr.com
                                          Counsel for Capital One Bank (USA), N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th of June, 2018, a copy of the foregoing was filed. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. A copy has also been sent to counsel by U.S. Mail, postage prepaid.

Aaron M. Swift
Jordan T. Isringhaus
Swift & Isringhaus, P.A.
10460 Roosevelt Blvd. N.
Suite 313
St. Petersburg, FL 33716
Tel: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com

_____
OF COUNSEL